UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LOUIS ELAIS LANGLINAIS, III                CIVIL ACTION

VERSUS                                     NUMBER: 13-2526

NELSON COLEMAN CORRECTIONAL                SECTION: "B"(5)
CENTER, ET AL.

                    REPORT AND RECOMMENDATION

     Presently before the Court is the Rule 12(b)(6) motion to dismiss of defendant, the Nelson Coleman Correctional Center ("NCCC"). (Rec. doc. 16). Plaintiff has filed no opposition to defendant's motion. Instead, within twenty-one days of the motion to dismiss being served, plaintiff filed a "motion to amend complaint" in which he seeks to substitute the St. Charles Correctional Center ("SCCC") for NCCC, to dismiss his claims against defendants, Captain Kenneth Decorte and Corporal Fontenot, and to add as a defendant one Corporal Richerson. (Rec. doc. 29).

     Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings once as a matter of course within twenty-one days after service of, inter alia, a motion under Rule 12(b). No responsive pleadings having been filed

in this matter and plaintiff having served his motion to amend within twenty-one days of service of NCCC's motion to dismiss, plaintiff is allowed to amend his complaint of right and without leave of Court. Galvan v. Miss. Power Co., No. 10-CV-0159, 2010 WL 4878511 at *1 (S.D. Miss. Nov. 24, 2010). Accordingly, SCCC is substituted for NCCC, Kenneth Decorte and Corporal Fontenot are dismissed from this suit, and Corporal Richerson is added as a defendant.

Plaintiff's amendment notwithstanding, the reasons that were urged by NCCC in its motion to dismiss are equally applicable to the newly-substituted defendant, SCCC, as will be explained more fully below. Plaintiff is proceeding in forma pauperis in this matter (rec. doc. 3), a circumstance which empowers a court, on its own accord, to dismiss as frivolous those claims that lack an arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or that fail to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). See also 28 U.S.C. §1915A(b)(1); 42 U.S.C. §1997e(c)(1).

The law is well-settled that in order to set forth a cognizable claim under 42 U.S.C. §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the

Constitution or laws of the United States.  <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908 (1981), <u>overruled on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, correctional facilities like SCCC are not considered to be "persons" within the meaning of §1983 and cannot be cast in judgment under Rule 17(b), Fed.R.Civ.P. <u>Wetzel v. St. Tammany Parish Jail</u>, 610 F.Supp.2d 545, 549 (E.D. La. 2009); <u>Brooks v. Pembroke City Jail</u>, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989); <u>Mitchell v. Chester County Farms Prison</u>, 426 F.Supp. 271, 274 (E.D. Pa. 1976)(citing <u>United States ex rel. Gittlemacker v. County of Philadelphia</u>, 413 F.2d 84 (3rd Cir. 1969), <u>cert</u>. <u>denied</u>, 396 U.S. 1046, 90 S.Ct. 696 (1970)).  Because plaintiff's §1983 claim against SCCC lacks an arguable basis in law and fact and otherwise fails to state a claim upon which relief can be granted, it should be dismissed under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's §1983 claim against the St. Charles Correctional Center be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this __8th__ day of __August__, 2013.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE