UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LOUIS ELAIS LANGLINAIS, III                CIVIL ACTION

VERSUS                                     NUMBER: 13-2526

NELSON COLEMAN CORRECTIONAL                SECTION: "B"(5)
CENTER, ET AL.

                    **REPORT AND RECOMMENDATION**

     This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Louis Elais Langlinais, III, against defendants, the Nelson Coleman Correctional Center ("NCCC"), Warden Roland Ladreyt, and a number of individuals in the Warden's employ. (Rec. docs. 1, 31). Plaintiff, an inmate of the Elayn Hunt Correctional Center ("EHCC") at the time that suit was filed, complained of the adequacy of the medical care that he received when he was previously confined at NCCC. (Id.).

     Shortly after suit was filed plaintiff advised the Court that he had been transferred from NCCC to the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. (Rec. doc. 6). In due course, plaintiff responded to the Court's Briefing Order (rec. doc. 40), providing a wealth of prison and medical records and

advising that he was to be released from LSP on December 23, 2014 and would thereafter be housed at the Salvation Army of Lafayette for a short period of time.  (Rec. doc. 43, pp. 17-18).  Plaintiff was to formally notify the Court of any change to his mailing address.  (Id.).

By Order dated December 20, 2013, the Court scheduled a preliminary conference to go forward in this matter via telephone on January 31, 2014 at 3:30 p.m.  (Rec. doc. 44).  A copy of that Order was mailed to plaintiff at his address of record, LSP, but was subsequently returned to the Court as undeliverable on December 23, 2013 with a notation that he was "NO LONGER AT LSP".  (Rec. doc. 45).  It has now been over thirty-five days since that piece of mail was returned to the Court as undeliverable and no address correction has been forthcoming from plaintiff.  The Court's inability to contact plaintiff also renders it impossible to hold a preliminary conference in this matter.[1]

Local Rule 11.1 provides, in pertinent part, that "[e]ach

---

[1] The Court notes that in a second lawsuit that plaintiff has pending in this forum, Langlinais v. Nelson Coleman Correctional Center, et al., 13-CV-3003 "J"(3), the presiding Magistrate Judge was also unable to conduct a preliminary conference due to his inability to contact plaintiff.  See rec. doc. 43 in 13-CV-3003.  The Magistrate Judge ordered plaintiff to provide a current address and phone number by February 1, 2014 but the copy of that Order that was mailed to plaintiff at the Salvation Army of Lafayette was subsequently returned as undeliverable.  See rec. doc. 44 in 13-CV-3003.

attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of a current....postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return."  The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden.  See Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), cert. denied, 552 U.S. 1246, 128 S.Ct. 1479 (2008); Thomas v. Parker, No. 07-CV-9450, 2008 WL 782547 (E.D. La. March 19, 2008); Batiste v. Gusman, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007).  The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table).[2]/  Finally,

---

[2]/ While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the sixth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 6). Plaintiff's failure to keep the Court apprised of his present contact information has also rendered it impossible to conduct a preliminary conference and to otherwise bring this case to a conclusion. The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1 and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  30th  day of   January   , 2014.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　ALMA L. CHASEZ
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE